## THE STATE v. SCOTT.

1. **Criminal Law**: LARCENY: EVIDENCE.    Where, upon the trial of one indicted for larceny, the value of the property alleged to have been stolen is in issue, the verdict of guilty will not be disturbed unless so manifestly against the evidence as to raise the presumption that it was not the result of an honest and intelligent exercise of the judgment of the jury.

*Appeal from Mills District Court.*

MONDAY, JUNE 10.

THE defendant was indicted and convicted of grand larceny, and now appeals to this court.    The facts of the case appear in the opinion.

*C. N. Rood* and *Watkins & Williams,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

BECK, J.—I.    The only objection to the judgment of the District Court presented in the argument of defendant's

1. CRIMINAL LAW: LARCENY: EVIDENCE.

counsel is based upon the claim that the testimony shows the value of the property stolen was less than twenty dollars.    It must be admitted that upon this point there is conflict.    The testimony of the State shows the value to be above twenty dollars, while the witnesses for the defendant fix a value far lower.    The most valuable of the articles stolen was a gun.    The State's witnesses testify it was worth from fifteen to twenty dollars; defendant's witnesses fix the value at from six to eight dollars.    These witnesses appear from their occupations to be better qualified to give an opinion of the value than those testifying for the State.    Were we permitted to determine the value from the evidence before us, we would not hesitate to adopt a conclusion based upon the testimony for the defendant.    But this we cannot

do, and must permit the conviction to stand, unless, as shown by the record, there is such want of testimony in support of the verdict that a presumption arises it was not the result of an honest and intelligent exercise of the judgment of the jury applied to the evidence before them. No such conclusion is authorized by the record.

II. Some of the articles alleged to have been stolen were not found in the possession of defendant. Their value as fixed by the testimony, it is urged, was, or may have been, included in the value of the goods stolen, as found by the jury. We are unable to say this was not authorized by the evidence. We cannot determine from the record before us that the evidence did not authorize the jury to find these articles were stolen by the defendant.

III. No other objections were made to the judgment of the court below, and upon inspecting this case as presented to us we find no errors therein.

AFFIRMED.